CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 3 1 2010

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRIAN RICHARD CHAPMAN, | ) | |
| Petitioner, | ) | Civil Action No. 7:10-cv-00004 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| C.F. WALLACE, | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Brian Richard Chapman challenging his convictions in the Warren County Circuit Court of aggravated sexual battery and custodial indecent liberties. Chapman raises claims that counsel provided ineffective assistance, the prosecution engaged in misconduct, and that the trial court committed error. He also raises several spurious claims. Respondent has moved to dismiss on the grounds that his claims are either procedurally defaulted or lack merit. The court agrees and dismisses Chapman's petition.

I.

In February 2008, Chapman was tried before a jury in the Warren County Circuit Court, which found him guilty of aggravated sexual battery, in violation of Va. Code § 18.2-67.3, and taking indecent liberties with a child while in a custodial relationship, in violation of Va. Code § 18.2-370.1(A)(vi). The evidence at trial showed that on numerous occasions, Chapman touched the buttocks and breasts of his step-daughter, who lived with his wife (the victim's mother) and him, while she was thirteen and fourteen years old. The victim testified that she was scared of Chapman as a result of the touchings. After the jury's finding of guilt as to both counts, the court sentenced Chapman to a total of six years imprisonment. Chapman appealed to the Court of Appeals of

Virginia, but then moved to withdraw his appeal.[1] Chapman filed a state habeas petition in October 2008 with the Warren County Circuit Court raising a few discernible constitutional claims amongst a host of fanciful and frivolous claims. The Warren County Circuit Court found that Chapman's claims were either not cognizable in habeas corpus, procedurally defaulted, or meritless, and the Supreme Court of Virginia found no reversible error in that judgment and refused his petition for appeal. Chapman, in turn, filed his current federal habeas petition which raises some recognizable claims and others, as for example his claim that he has not given his "expressed, informed, unfettered consent" to be governed, which are both fanciful and frivolous.

It would be a fool's errand to separately analyze Chapman's legal meanderings. It is sufficient to state that the following five claims are the only claims that are even marginally deserving of further mention or analysis:

> 1. Counsel "failed to make the prosecution 'prove-up" every point of the indictment beyond a reasonable doubt." (Federal Petition, Ground One, Claim 2)
>
> 2. The prosecution "misled [the] jury [by] stating that a 'public trust' had been violated, when in fact, there was no 'public trust' violation." (Federal Petition, Ground Two, Claim 1)
>
> 3. The court did "not fully inform[]" the jury "of the full definition of the term 'unlawful and felonious' as used in the indictment[]." (Federal Petition, Ground Two, Claim 2)
>
> 4. The prosecution "did not 'prove-up' all points of the indictment(s) beyond a reasonable doubt." (Federal Petition, Ground Two, Claim 3)
>
> 5. "The 'court' failed to ensure that the accused/petitioner 'understood' the 'nature and cause' of the accusations levied against him prior to asking how he would plead, and there is no evidence to the contrary." (Federal Petition, Ground Two, Claim 4)

---

[1] On September 10, 2009, the Court of Appeals denied his appeal. Chapman did not pursue the denial to the Supreme Court of Virginia.

## II.

Chapman has presented only one of the above five claims to the Supreme Court of Virginia. Chapman alleges that the prosecution "misled [the] jury [by] stating that a 'public trust' had been violated, when in fact, there was no 'public trust' violation." The state court dismissed this claim as procedurally defaulted under Slayton v. Parrigan, 205 S.E.2d 680 (1974), because Chapman could have, but failed to, raise the claim at trial and on direct appeal. This court finds that Slayton is an independent and adequate state procedural rule which bars federal habeas review unless a showing of cause and prejudice or a miscarriage of justice excuses the procedural default. Because Chapman offers nothing to excuse the default, the court dismisses the claim.

A claim is defaulted where the state court expressly finds that review is barred by an independent and adequate state procedural rule. Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998); see also Lambrix v. Singletary, 520 U.S. 518, 523 (1997). Whether a rule is independent and adequate is a question of federal law.[2] Henry v. Mississippi, 379 U.S. 443, 447 (1965). The Fourth Circuit has recognized Slayton as an independent and adequate procedural rule that renders a claim procedurally defaulted in this court. See Walker v. Kelly, 589 F.3d 127, 131 (4th Cir. 2009); Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006); see also Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998); Mu'min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997); Bennett v. Angelone, 92 F.3d 1336, 1343 (4th Cir. 1996); Spencer v. Murray, 18 F.3d 229, 232 (4th Cir. 1994).

However, a state prisoner can obtain federal habeas review of a procedurally defaulted claim

---

[2] "A state procedural rule is adequate if it is regularly or consistently applied by the state courts, Johnson v. Mississippi, 486 U.S. 578, 587 (1988), and it is independent if it does not depend on a federal constitutional ruling, Ake v. Oklahoma, 470 U.S. 68, 75 (1985)." McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007). Therefore, a violation of "firmly established and regularly followed state rules" is adequate to foreclose review. Lee v. Kemna, 534 U.S. 362, 375 (2002).

if he shows either (1) cause and prejudice or (2) a miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To show cause, a petitioner must demonstrate that there were "objective factors," external to his defense, which impeded him from raising his claim at an earlier stage. Murray v. Carrier, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. Id. at 488. The "miscarriage of justice" exception is a narrow exception to the cause requirement. A habeas petitioner falls within this narrow exception if he can demonstrate that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. Id. at 496. In this case, Chapman offers nothing to excuse his procedural default. Accordingly, the court dismisses this claim.

### III.

The four remaining claims were not presented to the Supreme Court of Virginia either on direct appeal or on habeas review and Chapman cannot go back and raise those claims now. Therefore, his claims are defaulted and Chapman has not demonstrated cause or prejudice to excuse his default. Therefore, the court dismisses his remaining claims.

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000); see O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). In this case, Chapman did not present any of his remaining claims to the Supreme Court of Virginia.

However, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if

the petitioner attempted to present it to state court." Baker, 220 F.3d at 288; see Gray v. Netherland, 518 U.S. 152, 161 (1986). If Chapman were to attempt to raise these claims to the Supreme Court of Virginia now, that court would find the claims are procedurally barred. See Va. Code §§ 8.01-654(A)(2) (setting the time requirements for the filing of a habeas petition) and (B)(2) (requiring habeas petitioners to raise all available grounds for relief in their first state petition for a writ of habeas corpus); and Slayton v. Parrigan, 205 S.E.2d 680 (1974) (claims that could have been raised at trial and on direct appeal but were not are procedurally defaulted). Consequently, Chapman's claims are now simultaneously exhausted and procedurally barred from federal habeas review, Teague v. Lane, 489 U.S. 288, 297-99 (1989); Basette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990); Sparrow v. Dir., Dep't of Corr., 439 F. Supp.2d 584, 587-88 (E.D. Va. 2006), unless he shows either (1) cause and prejudice or (2) a miscarriage of justice, Coleman, 501 U.S. at 750. In this case, nothing in the record would remotely support a claim of actual innocence and Chapman offers nothing to excuse his procedural default. Accordingly, the court finds that these claims are barred from federal habeas review, and therefore, dismisses them.

**IV.**

For the reasons stated, the court grants respondent's motion to dismiss and dismisses Chapman's § 2254 petition.

**ENTER:** This 31st day of August, 2010.

United States District Judge